OPINION AND ORDER
On October 8, 2015, the Custer County Attorney filed an Information against Defendant/Appellant Morris Buckles for drug-related criminal offenses allegedly committed in May, 2015 in Custer County Montana, i.e., outside the exterior boundaries of the Fort Peck Indian Reservation. That same day a state district court judge of the 16th Judicial District, (which includes Custer County), signed an arrest warrant for Appellant Buckles and set bond at $50,000. On November 13, 2015, the Custer County Attorney filed an application for rendition to the State of Montana with the office of Steve Bullock, Governor of Montana. On November 18, 2015, Governor Bullock signed a Requisition for Rendition[1], asking the Chairman of the Fort Peck Tribes to arrange to have Appellant Buckles arrested and turned over to the Montana state authorities for the purpose of conducting a trial in Custer County. On December 1, on behalf of *214 Plaintiff/Appellee, Fort Peck Tribes, Tribal Prosecutor Adrienne Weinberger filed a notice with the Tribal Trial Court outlining the procedure that had led to the Requisition for Rendition being conveyed to the Fort Peck Assiniboine and Sioux Tribes. The Court issued a warrant to apprehend Appellant Buckles on December 1, 2015 and he was placed in the Fort Peck Tribal Jail. At the tribal prosecutor’s request, the Tribal Trial Court held a hearing, on December 7, 2015. Following the hearing, the Court ordered Appellant Buckles to be released to the State of Montana, Custer County.
A Petition for Review and potion for Stay were timely filed by Appellant Buckles on December 8, 2015. On January 8, 2016, we granted the Petition for Review but found no grounds for granting a Stay. We set a briefing schedule under which Appellant Buckles was given the opportunity to file a Brief in Support of his appeal within 20 days and that Appellee Fort Peck Tribes would then have 20 days to respond. Appellant Buckles did not file a Brief. However, Appellant Buckles clearly stated his legal position in the Notice of Appeal and Motion for Emergency Stay. The Fort Peck Tribes did file a brief opposing review and stating applicable law had been followed.
Because this is an extradition proceeding, we are treating the Notice of Appeal as an Application for Writ of Habe-as Corpus. We deny the application and affirm the Tribal Trial Court.
The state records reviewed by the Tribal prosecutor and presented to the Tribal Trial Court, outline in detail the basis for the request by the State of Montana. In the document filed by the Tribal prosecutor on December 1, 2015 entitled Extradition, she states under oath that the State of Montana has complied with the applicable provisions of the Fort Peck Tribes Comprehensive Code of Justice, (“CCOJ”), Title 3, Chapter 4, § 402. Following the hearing, the Tribal Trial Court approved the release of Appellant Buckles, to Montana authorities in accordance with the tribal code provisions.
Under Title II, Chapter 2, section 202, CCOJ, “The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” We find the Tribal Trial Court legal decision to be correct and supported by substantial evidence.
Therefore, the judgment of the Fort Peck Tribal Court is hereby affirmed.

. The requisition for rendition was erroneously dated 2014 instead of 2015. This is harmless error.